UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No. 13-Civ-5188
PATRICK HOLAHAN,                                                      (ALC) (JLC)

                              Plaintiff,                    **ANSWER**

        -against-

METROPOLITAN TRANSPORTATION AUTHORITY;
LONG ISLAND RAILROAD CO., MTA POLICE
DEPARTMENT, SGT. DAVID WINDING,
P.O. BRIAN WISNIEWSKI, SGT. MATTHEW SAUER,
P.O. EDWARD TIRADO, POLICE OFFICERS
JOHN DOE #1-10,

                              Defendants.
------------------------------------------------------------------X

       Defendants, METROPOLITAN TRANSPORTATION AUTHORITY; LONG ISLAND RAILROAD CO., MTA POLICE DEPARTMENT, SGT. DAVID WINDING, P.O. BRIAN WISNIEWSKI, SGT. MATTHEW SAUER, P.O. EDWARD TIRADO, POLICE OFFICERS JOHN DOE #1-10, (collectively, the "Defendants"), by their attorneys, answer the Complaint as follows upon information and belief:

**PRELIMINARY STATEMENT**

       1.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "1," except denies any violations of Plaintiff's Civil Rights, and respectfully refers all questions of law to the within Court for ultimate determination.

**JURISDICTION**

       2.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "2," and respectfully refers all questions of law to the within Court for ultimate determination.

3. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "3," and respectfully refers all questions of law to the within Court for ultimate determination.

4. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "4," and respectfully refers all questions of law to the within Court for ultimate determination.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "6."

6. Deny each and every allegation contained in paragraph of the Complaint numbered "8."

7. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "9", "9" [sic], "11," and "12."

## FACTS

8. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "13."

9. Deny each and every allegation contained in paragraphs of the Complaint numbered "14," "15," "16," "17," "18," "19," "20," "21" and "22."

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "23," and respectfully refers all questions of law to the within Court for ultimate determination.

11. Deny each and every allegation contained in paragraphs of the Complaint numbered "24," "25," "26," "27" and "28."

## FIRST CLAIM FOR RELIEF DEPRIVATION
## OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

12. Answering Paragraph "29" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

13. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "30."

14. Deny each and every allegation contained in paragraph of the Complaint numbered "31."

15. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of the Complaint numbered "32" and "33."

16. Deny each and every allegation contained in paragraph of the Complaint numbered "34."

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

17. Answering Paragraph "35" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

18. Deny each and every allegation contained in paragraphs of the Complaint numbered "36" and "37."

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

19. Answering Paragraph "38" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

20. Deny each and every allegation contained in paragraphs of the Complaint numbered "39," "40," "41," "42," "43," "44," "45," "46," "47" and "48."

21. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "49."

22. Deny each and every allegation contained in paragraph of the Complaint numbered "50."

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT
## TO FAIR TRIAL UNDER 42 U.S.C. § 1983

23. Answering Paragraph "51" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

24. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Complaint numbered "52."

25. Deny each and every allegation contained in paragraphs of the Complaint numbered "53," "54" and "55."

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT
## TO FAIR TRIAL UNDER 42 U.S.C. § 1983

26. Answering Paragraph "56" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

27. Deny each and every allegation contained in paragraphs of the Complaint numbered "57," "58," "59," "60" and "61."

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

28. Answering Paragraph "62" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

29. Deny each and every allegation contained in paragraph of the Complaint numbered "63."

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

30. Answering Paragraph "64" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

31. Deny each and every allegation contained in paragraphs of the Complaint numbered "65," "66," "67," "68," "69," "70," "71," "72" and "73."

## FIRST AFFIRMATIVE DEFENSE

32. Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by Public Authorities Law §1276. Therefore, this action and all state law causes of action may not be maintained against Defendants.

## SECOND AFFIRMATIVE DEFENSE

33. Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## THIRD AFFIRMATIVE DEFENSE

34. Defendant MTA is not subject to an award of exemplary or punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

35. Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## FIFTH AFFIRMATIVE DEFENSE

36. That Defendants enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## SIXTH AFFIRMATIVE DEFENSE

37. Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

38. That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

## EIGHTH AFFIRMATIVE DEFENSE

39. That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## NINTH AFFIRMATIVE DEFENSE

40. That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## TENTH AFFIRMATIVE DEFENSE

41. That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**ELEVENTH AFFIRMATIVE DEFENSE**

42. That these answering defendants acting under the scope, authority and protection of the New York General Business Law § 218, and that by reason thereof, the Plaintiff may not maintain this action.

**TWELFTH AFFIRMATIVE DEFENSE**

43. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in New York Civil Practice Law and Rules § 4545(c).

**THIRTEENTH AFFIRMATIVE DEFENSE**

44. Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

45. Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE

48. Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### EIGHTEENTH AFFIRMATIVE DEFENSE

49. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

50. If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

51. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

52. Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

53. Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

54. Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

55. That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

56. Upon information and belief, this Court lacks subject matter jurisdiction.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

57. Upon information and belief, this Court lacks personal jurisdiction over the Defendants.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

58. The MTA Police Department is not an entity amenable to suit.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

59. That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

60. That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### THIRTIETH AFFIRMATIVE DEFENSE

61. That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### THIRT-FIRST AFFIRMATIVE DEFENSE

62. That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**WHEREFORE,** the Defendants demand judgment dismissing the Complaint together with costs, disbursements and such other relief as the Court deems just and proper.

Dated: Mineola, New York
August 16, 2013

> **BEE READY FISHBEIN HATTER & DONOVAN, LLP**
>
> By: _/s/ Angelo M. Bianco_
> Angelo M. Bianco (AB 2733)
> *Attorneys for Defendants*
> 170 Old Country Road
> Mineola, New York  11501
> (516) 746-5599
> File No.:  6178-1309

cc: <u>**Via ECF**</u>

**BRILL LEGAL GROUP, P.C.**
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1500
New York, NY 10038
Att:    Peter E. Brill (PB 0818)
<u>pbrill@brill-legal.com</u>
(212) 233-4141
Fax No.: (917) 259-6930